UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BMO HARRIS BANK, N.A.,

        Plaintiff,

      v.                                            Case No. 20-C-546

SCOTT BERKOVITZ, *et al.*,

        Defendants.

---

## DECISION AND ORDER ON MOTIONS TO DISMISS

---

      Plaintiff BMO Harris Bank, N.A., brought this diversity action to recover funds it lost in a vast check-kiting scheme. The defendants include Scott Berkovitz, MRC Leasing, Inc., American National Bank, Chizek Elevator & Transport, Michael Ronald Chizek, and Investors Community Bank. The first amended complaint (FAC) asserts claims of fraud, negligent misrepresentation, conversion, unjust enrichment, and violations of Wis. Stats. §§ 943.20(1)(b) and 895.446 against various defendants. The only claims against the two banks, American National Bank and Investors Community Bank, are for unjust enrichment. BMO alleges that each of the banks came into possession of BMO's funds under circumstances in which it would be unjust for them to retain them. The court has jurisdiction under 28 U.S.C. § 1332(a). The case is before the court on the motions of Investors and American National to dismiss BMO's claim for unjust enrichment (Count Four), and American National's motion to dismiss the crossclaim for unjust enrichment asserted by Defendants Michael Chizek and MRC Leasing. For the following reasons, Investors' motion to dismiss count four will be granted, but BMO will be granted leave to replead. American National's motions to dismiss count four and the crossclaim against it will be denied.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

## ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT

On May 22, 2020, BMO filed its first amended complaint (FAC) against Defendants, alleging that Scott Berkovitz, Michael Chizek, Chizek Elevator & Transport, and MRC Leasing (collectively, the Actors) engaged in a check-kiting scheme where they allegedly floated checks amongst each other and deposited overdraft checks into accounts at BMO, American National, and Investors. The overdraft checks artificially inflated the account balances of the Actors at these banks, which they then drew upon to withdraw funds or pay other debts. Over a period of less than a month, BMO alleges that the Actors caused the transfer of millions of dollars in uncollected or nonexistent funds amongst themselves through the accounts at BMO, Investors, and American National. FAC ¶ 17, Dkt. No. 49. BMO alleges it has lost at least $4.1 million dollars. *Id*. ¶ 53.

According to the FAC, Berkovitz is the owner of Ridgeway Trailer, which was engaged in the business of buying, selling, or brokering the purchase and sale of truck trailers. Ridgeway, which had accounts at both BMO and American National, is currently in a state receivership. Chizek is "the primary or sole owner, corporate officer, and predominate person" at both MRC Leasing and Chizek Elevator & Transport. *Id.* ¶ 18. MRC Leasing and Chizek Elevator & Transport had accounts at Investors. The complaint alleges that between March 11, 2020, and

2

March 18, 2020, the Actors engaged in a series of transactions whereby they issued checks for between $3 million and $4 million back and forth to each other, which were then deposited in their various accounts. On March 21, 2020, Berkovitz submitted a signed wire request form asking BMO to wire $3,650,000 from Ridgeway's BMO account to MRC Leasing's account with Investors. BMO authorized the transfer on March 23, 2020, but the next day the checks presented to it by Ridgeway drawn on its American National account were dishonored by American National. *Id*. ¶¶ 47–48.

Upon making this discovery, BMO claims it attempted to stop the wire transfer or to retrieve the funds from Investors, but Investors advised that the funds had already been withdrawn by MRC Leasing from its Investors account. BMO alleges that, "[u]pon information and belief, after the BMO funds were deposited into the MRC Leasing Account, the BMO Funds were subsequently transferred to the Ridgeway American National Account." *Id*. ¶ 51. BMO alleges that it made demand on Berkovitz and Ridgeway to return or repay the BMO funds, but they have failed to do so. *Id*. ¶ 52.

BMO asserts claims of unjust enrichment against Investors and American National. It alleges that American National and Investors have received portions of the BMO funds which were fraudulently obtained from BMO and deposited into Ridgeway's American National Account, the MRC Leasing Account at Investors, and the Chizek Elevator & Transport Account. *Id.* ¶ 75. It further alleges that, "[u]pon information and belief, American National Bank and Investors Bank applied the funds to obligations owed to them by their account holders on account of uncollected fund balances in their accounts, thereby benefiting directly from the theft of funds from BMO." *Id.* ¶ 76. BMO claims that it "owns and is entitled to possession of the funds wired from Ridgeway Trailer's BMO Account and is entitled to restitution from American National Bank and Investors

Bank of all funds received directly or indirectly from the BMO wire, in an amount not less than $3,650,500.00." *Id.* ¶ 81.

## ANALYSIS

Defendants Investors Community Bank and American National Bank argue that BMO has failed to state a claim of unjust enrichment against them. American National Bank also asserts that Chizek and MRC Leasing's crossclaim of unjust enrichment against it should be dismissed. To state a claim of unjust enrichment under Wisconsin law, the plaintiff must allege (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable to do so. *Sands v. Menard*, 2017 WI 110, ¶ 30, 379 Wis. 2d 1, 904 N.W.2d 789. "[A]n action for recovery based upon unjust enrichment is grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust." *Watts v. Watts*, 137 Wis. 2d 506, 530, 405 N.W.2d 303 (1987).

### A. BMO's Claim against Investors

Investors argues that because it is clear from its allegations that Investors received no benefit from the funds BMO wired to MRC Leasing's account, the FAC fails to plausibly allege any of the elements of unjust enrichment. Investors acknowledges that the FAC alleges that Investors used the illegally obtained BMO funds to offset obligations owed it by MRC Leasing. FAC ¶ 76. But this allegation is negated, Investors contends, by several other paragraphs of the FAC which allege that BMO's funds were deposited in MRC Leasing's account and then transferred to Ridgeway's account at American National. FAC ¶¶ 59, 51, 60, 63, 64, 78, 86. By virtue of these additional allegations, Investors contends that BMO has negated its claim against Investors and pleaded itself out of court.

4

In support of its argument, Investors cites *Pugh v. Tribune Co.*, in which the court held that "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." 521 F.3d 686, 699 (7th Cir. 2008) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)). Investors argues that the allegations that the BMO funds deposited in MRC Leasing's account at Investors were almost immediately transferred to Ridgeway's account at American National belie the allegation that BMO's funds were used to pay MRC Leasing's outstanding obligations to Investors. As a result, they show that BMO has no viable claim of unjust enrichment against Investors.

If, in fact, all of the BMO funds that were deposited in MRC Leasing's account at Investors were transferred to Ridgeway's account at American National before Investors knew of the theft, then BMO's unjust enrichment claim against Investors fails as a matter of law. The indirect and incidental benefit, if any, that Investors might have received merely from depositing the funds in MRC Leasing's account one day and allowing MRC Leasing to transfer them to another bank shortly thereafter, is not the kind of benefit that claims of unjust enrichment are intended to reach. It would not have been appreciated or realized by Investors, and the acceptance or retention of it, without knowledge that the funds were stolen, would not be inequitable. BMO's argument that the mere fact that the funds were deposited in an account at Investors is enough to state a claim suggests that that is the only benefit it is alleging. If so, then the claim against Investors should be dismissed.

But the FAC can also be read as alleging that at least some portion of the BMO funds were retained by Investors in payment of MRC Leasing's outstanding obligations. Although the BMO funds are alleged to have been transferred from MRC Leasing's account at Investors to Ridgeway's account at American National, the FAC also alleges that at least some of the BMO funds were

used to offset MRC Leasing's obligations to Investors.  If so, then BMO would seem to have a claim as to those funds.  Given the apparent inconsistencies and lack of clarity concerning this essential element, however, the claim is not sufficiently "plausible" to open the doors to, and force Investors to incur the costs of, discovery.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For these reasons, the claim will be dismissed as to Investors, but the dismissal is without prejudice.  If BMO is able to cure the defect noted herein, it may file an amended complaint as to Investors within the next fourteen days.  BMO should be able to promptly determine whether Investors retained any of its funds and amend its complaint since Investors has already provided it copies of MRC Leasing's account records.  If BMO is unable to file an amended complaint against Investors consistent with the requirements of Fed. R. Civ. P. 11 within such time, the dismissal will be with prejudice.

### B. American National's Motion to Dismiss

American National likewise argues that the FAC fails to state a claim for unjust enrichment against it.  In support of its argument, American National relies on the fact that the FAC alleges that the funds transferred by BMO were first wired to the MRC Leasing Account at Investors, not American National.  Dkt. No. 71 at 4.  American National argues that this means that BMO itself did not confer a direct benefit to American National and its unjust enrichment claim fails.

BMO counters that American National need not be the first or direct recipient of the allegedly fraudulent transfer to receive a benefit and be unjustly enriched.  Dkt. No. 78 at 5.  BMO's position has the support of the Restatement: "If a third person makes a payment to the defendant in respect of an asset belonging to the claimant, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment."  RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 47 (2011).  This rule makes sense.  If the funds are, in

6

essence, stolen, then neither MRC Leasing, nor its principles or agents, should receive the benefit of having their debts paid with the stolen funds. *See also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1093 (S.D. Cal. 2017) (noting that upon survey of Wisconsin law, court was "unable to locate a single Wisconsin case which required conferral of a direct benefit"). Nor has this court been able to locate any authority suggesting that a claim for unjust enrichment cannot be pursued against the party who was the ultimate recipient of ill-gotten gains.

Since Wisconsin courts typically follow the Restatement and there is not authority to the contrary, the court concludes that the fact that a benefit was conferred upon a defendant directly by a third party and only indirectly by the plaintiff does not preclude a claim of unjust enrichment. Here, the FAC alleges that the BMO funds were transferred from Ridgeway's account and ultimately to American National. FAC ¶ 51. The fact that the funds were first deposited at Investors before landing at American National is irrelevant. The temporary involvement of an intermediary institution does not negate the fact that American National ended up with some portion of the allegedly stolen funds. Accordingly, American National's motion to dismiss is denied.

### C. American National's Motion to Dismiss Crossclaim

Finally, American National also moves to dismiss the crossclaim brought by Michael Chizek and MRC Leasing. In its crossclaim, Chizek and MRC Leasing allege that they are the victims of Berkovitz' check-kiting scheme and suffered losses that exceed $10 million. Dkt. No. 59 at 26. They allege that Berkovitz used his business account at American National to conduct this scheme and that the bank should have known or willfully disregarded Berkovitz' fraudulent activity. *Id*. at 30. Ultimately, by way of this fraudulent scheme, funds of Chizek and MRC Leasing were received by and retained in accounts at American National. *Id*. at 32.

7

American National essentially repeats its same arguments in this motion that it asserted against BMO. It again argues that Chizek and MRC Leasing did not intend to confer a benefit to American National. Dkt. No. 74 at 4. As the court already explained, this argument fails. American National is alleged to have ultimately received the funds at issue. The allegations that American National acknowledged, accepted, retained, and received a direct or incidental benefit from funds that Chizek and MRC Leasing claim were stolen from them are sufficient to state a claim for unjust enrichment under Wisconsin law. American National's motion to dismiss the crossclaim will therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendant Investors Community Bank's motion to dismiss (Dkt. No. 65) is **GRANTED**, but the dismissal is without prejudice. If BMO is able to cure the defects noted herein, it may amend its claim against Investors within two weeks of this order. If it fails to do so, the dismissal of BMO's unjust enrichment claim against Investors will be with prejudice. Defendant American National Bank's motion to dismiss (Dkt. No. 70) and its motion to dismiss the crossclaim (Dkt. No. 73) are **DENIED**. The Clerk is directed to set the matter for a telephonic scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge